IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SENIOR HOUSING MANAGERS, LLC, an Oregon limited liability Company,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>HIGHWAY 2 DEVELOPMENT, LLC d/b/a Pemberly Place, A Nebraska limited liability company,<br><br>Defendant/Counterclaim Plaintiff. | CASE NO. 4:18-CV-03167<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' request for protective order. Plaintiff, Senior Housing Managers, LLC and Defendants Highway 2 Development, LLC, hereby stipulate and agree to and request the entry of this Protective Order ("Protective Order") concerning disclosure, use, and protection of confidential or proprietary documents and information, including, but not limited to, commercial and/or financial information that is not available in the public domain.

The parties hereby stipulate and IT IS ORDERED as follows:

1. DEFINITIONS. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. CONFIDENTIAL DOCUMENTS/INFORMATION. The parties seek to protect from disclosure certain confidential, proprietary, personal, and sensitive information relating to this lawsuit. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" on any document or deposition testimony containing such sensitive information. Documents may also be designated as "Confidential" by written notice to opposing counsel which

identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a.    All counsel of record, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation, and officers of the Parties;

    b.    Experts and consultants retained by a party to this action for purposes of assisting in the preparation or presentation of claims or defenses;

    c.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    d.    Any person who was involved in the preparation of the document;

    e.    The Court, Court personnel, court reporters and similar personnel;

    f.    The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above.

    g.    Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, the persons falling in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of this Protective Order, and shall execute the attached Acknowledgement and Agreement to be Bound, or on the record during trial or deposition, shall agree to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Protective Order, If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

    3.    DEPOSITIONS. A party that wishes to designate as confidential material any information or testimony that is contained in a deposition transcript, shall indicate orally at the time of the deposition that it intends to designate all or part of the information or testimony as confidential. Within thirty (30) days after receipt of the deposition transcript, the designating party

shall advise the other parties of the specific portions of the information or testimony it contends are confidential, unless the parties agree to an extension of that period of time. Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality, the parties shall treat the designated portions of any deposition transcripts as confidential.

4. DOCUMENTS ALREADY PRODUCED. Within thirty (30) days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential."

5. THIRD PARTY WITNESSES. Either party may designate documents produced by a third party as being "Confidential" pursuant to the terms of this Protective Order within thirty (30) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Protective Order for such thirty (30) day period and thereafter if designated as "Confidential" by either party to this litigation. The "Confidential" restrictions of this Protective Order shall no longer apply to any document produced by a third party that has not been designated as "Confidential" by a party to this litigation within such thirty (30) day period.

6. CHALLENGE TO DESIGNATION. Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order allowing disclosure. The party challenging the "Confidential" designation of any document shall give all other parties at least fourteen (14) days' notice before filing a motion with the Court and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenges the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Protective Order until such time as the Court has made a ruling with respect to the motion.

7. RETURN OF DOCUMENTS. Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with a signed statement reflecting the disposition. Notwithstanding the forgoing, counsel may retain one copy for their file. This Protective Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

8. USE OF DOCUMENTS. Documents produced by any party, including, but not limited to, "Confidential" documents, and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with the litigation pending in the United States District Court for the District of Nebraska, Case No. **CI:** 4:18-CV-03167, captioned Senior Housing Managers, LLC v. Highway 2 Development, LLC. Nothing in this Protective Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Protective Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

9. EXCEPTIONS. The restrictions embodied in this Protective Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

a. Such information was or has become public knowledge absent a breach of this Protective Order; or

b. The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship that may have existed or exists between such third party and the party making the disclosure.

10. INADVERTENT DISCLOSURE. The inadvertent disclosure of any document that is subject to a legitimate claim that the document should have been withheld from disclosure as material protected by the Attorney-Client Privilege, Work Product Doctrine, or other available privilege or protective doctrine, the producing party shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure

11. NON-EXCLUSIVITY. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Protective Order in any aspect. The obligations and prohibitions under this Protective Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

12. WAIVER. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

13. ENFORCEMENT. Any party or person subject to the obligations and prohibitions of this Protective Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Nebraska Rules of Civil Procedure.

DATED this 20th day of February, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Protective Order or have had the Protective Order explained to me by Counsel for a party and understand the Protective Order that was issued by the United States District Court for the District of Nebraska, on _____, 2019, in the case of Senior Housing Managers, LLC v. Highway 2 Development, LLC, Case No: 4:18-CV-03167. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Signature: _____

Address: _____

_____

Dated: _____